UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENNETH MAZZONE,                                                    Case #:

                Plaintiff,

    - against -                                                    **VERIFIED COMPLAINT**


BOSTON UNIVERSITY and THE TRUSTEES                                  **PLAINTIFF DEMANDS**
OF BOSTON UNIVERSITY,                                               **A TRIAL BY JURY**

                Defendants.
------------------------------------------------------------------X

      Plaintiff, complaining of the Defendants, by his attorneys, **DELL & DEAN, PLLC** alleges upon information and belief as follows:

## JURISDICTION AND VENUE

    1.    At all times hereinafter mentioned, Plaintiff, was and still is a resident of the State of New York, residing at 6 Birdseye Circle, Stony Brook, New York.

    2.    That the cause of action alleged herein arose in the County of Suffolk, State of Massachusetts.

    3.    Upon information and belief, at all times herein mentioned, Defendant **BOSTON UNIVERSITY** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Massachusetts and doing business within the State of New York.

    4.    Upon information and belief, at all times herein mentioned, Defendant **BOSTON UNIVERSITY** maintained a principal place of business at One Silber Way, Boston, County of Suffolk, State of Massachusetts.

5. Upon information and belief, at all times herein mentioned, Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Massachusetts and doing business within the State of New York.

6. Upon information and belief, at all times herein mentioned, Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** maintained a principal place of business at One Silber Way, Boston, County of Suffolk, State of Massachusetts.

7. That this action is based upon the Federal Tort Claims Act 28, U.S.C. 1332.

8. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

9. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602 of the State of New York.

10. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff resides within that district, and that district is the most convenient for this action to be tried.

## AS AND FOR A CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF

11. That on February 6, 2016, and at all times herein mentioned, the premises known as Nickerson Field located at Boston University, 285 Babcock Street, Boston, State of Massachusetts was owned by Defendant **BOSTON UNIVERSITY.**

12. That on February 6, 2016, and at all times herein mentioned, the premises known as Nickerson Field located at Boston University, 285 Babcock Street, Boston, State of Massachusetts was owned by Defendant **THE TRUSTEES OF BOSTON UNIVERSITY.**

13. That on February 6, 2016, and at all times herein mentioned, the premises known as

Nickerson Field located at Boston University, 285 Babcock Street, Boston, State of Massachusetts was owned, operated, managed, maintained, repaired, controlled, inspected, constructed and supervised by Defendant **BOSTON UNIVERSITY.**

14. That on February 6, 2016, and at all times herein mentioned, the premises known as Nickerson Field located at Boston University, 285 Babcock Street, Boston, State of Massachusetts was owned, operated, managed, maintained, repaired, controlled, inspected, constructed and supervised by Defendant **THE TRUSTEES OF BOSTON UNIVERSITY.**

15. That on February 6, 2016, and at all times herein mentioned, it was the duty of Defendant **BOSTON UNIVERSITY** to own, operate, manage, maintain, repair, control, inspect, construct and supervise the premises known as Nickerson Filed located at Boston University, 285 Babcock Street, Boston, State of Massachusetts in a reasonably safe condition.

16. That on February 6, 2016, and at all times herein mentioned, it was the duty of Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** to own, operate, manage, maintain, repair, control, inspect, construct and supervise the premises known as Nickerson Filed located at Boston University, 285 Babcock Street, Boston, State of Massachusetts in a reasonably safe condition.

17. That at all times herein mentioned, Defendant **BOSTON UNIVERSITY** had a non-delegable duty to maintain the premises in a reasonably safe condition and free of dangers and hazards to those pedestrians lawfully thereat, including Plaintiff, **KENNETH MAZZONE.**

18. That at all times herein mentioned, Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** had a non-delegable duty to maintain the premises in a reasonably safe condition and free of dangers and hazards to those pedestrians lawfully thereat, including Plaintiff, **KENNETH MAZZONE.**

19. That on February 6, 2016, Plaintiff **KENNETH MAZZONE** was a lawful pedestrian at the above-mentioned location.

20. That on February 6, 2016, while Plaintiff **KENNETH MAZZONE** was lawfully walking at the aforesaid location, he was caused to sustain severe and permanent injuries

21. The above mentioned occurrence, and the results thereof, was caused wholly and solely by the negligence and breach of duty of the Defendant **BOSTON UNIVERSITY** and/or said Defendant's servants, agents, employees and/or licensees in the ownership, inspection, construction, repair, operation, management, maintenance and control of the aforesaid premises; and the Defendant **BOSTON UNIVERSITY** was otherwise negligent, careless and reckless.

22. The above mentioned occurrence, and the results thereof, was caused wholly and solely by the negligence and breach of duty of the Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** and/or said Defendant's servants, agents, employees and/or licensees in the ownership, inspection, construction, repair, operation, management, maintenance and control of the aforesaid premises; and the Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** was otherwise negligent, careless and reckless.

23. That, upon information and belief, Defendant **BOSTON UNIVERSITY** had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the underlying accident.

24. That, upon information and belief, Defendant **THE TRUSTEES OF BOSTON UNIVERSITY** had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the underlying accident.

25. That no negligence on the part of the Plaintiff **KENNETH MAZZONE** contributed to the occurrence alleged herein in any manner whatsoever.

26. By reason of the foregoing, Plaintiff **KENNETH MAZZONE** was caused to suffer severe and permanent injuries; were rendered sick, sore, lame and disabled; have required and will require in the future medical care, hospitalization, treatment and surgery and will be permanently injured; have suffered and will suffer in the future, great physical pain and mental anguish, and was injured in other ways, both internally and externally to the extent that they are still sick, sore, lame and disabled.

27. That by reason of the foregoing, Plaintiff **KENNETH MAZZONE** sustained severe and permanent personal injuries; and Plaintiff was otherwise damaged.

28. That Plaintiff **KENNETH MAZZONE** sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law-Recodification.

29. That Plaintiff **KENNETH MAZZONE** sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

30. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

31. By reason of the foregoing, the Plaintiff **KENNETH MAZZONE** is entitled to recover from the Defendants for all of the damages that he has suffered and will continue to suffer.

**WHEREFORE**, Plaintiff **KENNETH MAZZONE** demands judgment against the Defendants **BOSTON UNIVERSITY and THE TRUSTEES OF BOSTON UNIVERSITY** for all the damages which they have suffered by reason of the negligence of the Defendants and which damages they will continue to suffer all together with the costs and disbursements of this action.

Dated: Garden City, New York

6/14/16

                                                                            _____

JOSEPH G. DELL (JD 7315)  
DELL & DEAN, PLLC  
Attorneys for Plaintiff  
KENNETH MAZZONE  
1225 Franklin Avenue, Suite 450  
Garden City, New York 11530  
(516) 880-9700

ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF NASSAU     )

JOSEPH G. DELL, an attorney admitted to practice in the Courts of New York State, states that:

1. I am a partner at DELL & DEAN, PLLC the attorneys for the plaintiff in the within action;

2. I have read the foregoing COMPLAINT and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

3. The reason I make this verification instead of the plaintiff is that plaintiff does not reside within in the county in which your affirmant's office is located;

4. The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City, New York
       6/14/16

_____
JOSEPH G. DELL

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENNETH MAZZONE,

        Plaintiff,

-against-

BOSTON UNIVERSITY and THE TRUSTEES OF BOSTON UNIVERSITY,

        Defendants.

SUMMONS & COMPLAINT

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
**1225 Franklin Avenue
Suite 450
Garden City, New York 11530
(516) 880-9700
Facsimile (516) 880-9707**

TO: